ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MELBA MABEL TRINIDAD RODRÍGUEZ<br><br>Parte Peticionario<br><br><br>V.<br><br><br>LUIS SANTIAGO BERRIOS<br><br>Parte Recurrido | TA2025CE00763 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>_____<br>Civil Núm.: D AC2009-1916<br>SALA: 403<br>_____<br>SOBRE:<br>LIQUIDACIÓN SOCIEDAD DE GANANCIALES |

Panel integrado por su presidente el juez Hernández Sánchez[1], el juez Salgado Schwarz y el juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de enero de 2026.

Comparece la señora Melba Mabel Trinidad Rodríguez ("Sra. Rodríguez" o "Peticionaria") y nos solicita que revoquemos la Orden dictada el 18 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón en donde eliminó las alegaciones de la Peticionaria.

Por los fundamentos que exponemos a continuación, **denegamos** el auto de *certiorari*.

-I-

A continuación, detallamos los hechos pertinentes a la controversia ante nuestra consideración.

El 6 de agosto de 2009, la Sra. Rodríguez presentó una *Demanda[2]* contra Luis Santiago Berríos ("Sr. Santiago"

---

[1] Mediante Orden Administrativa OATA-2025-226 se designa al Hon. Juan R. Hernández Sánchez en sustitución del Hon. Félix R. Figueroa Cabán.

[2] Véase Entrada #1 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

o "Recurrido") sobre liquidación de bienes gananciales. En esa ocasión expresó que las partes estuvieron casadas hasta el 17 de marzo de 2009, fecha en la cual se decretó la disolución del matrimonio. Además, alegó que las partes adquirieron múltiples bienes que se encontraban sujetos a partición. Finalmente, solicitó la división de la comunidad de bienes constituida con el Sr. Santiago.

Luego de múltiples trámites procesales, las partes comenzaron con el descubrimiento de prueba. El 25 de noviembre de 2019, el Recurrido le cursó a la Peticionaria un "Aviso de Toma de Deposición *Duces Tecum*" en la que notificó que la deposición se llevaría a cabo el 13 de diciembre de 2019. De igual forma, le requirió la producción de ciertos documentos[3]. El 13 de diciembre, el Recurrido presentó una *Moción Urgente de Desacato y Solicitud de Sanciones* a través de la cual señaló que la Peticionaria se negó a llevar a cabo la misma y a entregar los documentos solicitados. Así las cosas, le solicitó al foro de instancia que encontrara a la Recurrida incursa en desacato[4]. Posteriormente, el 26 de febrero de 2021, el foro de instancia emitió una Orden expresando que las partes tenían quince (15) días para informar la fecha en que se tomaría la deposición de la Sra. Rodríguez e informar si se había cursado una oferta de transacción[5]. El 19 de noviembre de 2024, el Recurrido presentó una moción en la que expresó que la Peticionaria no había presentado la mayoría de los documentos solicitados, lo que imposibilitaba la toma de deposición y le solicitó al foro de instancia ordenarle a la Peticionaria que entregara lo documentos dentro de un

---

[3] Véase Entrada #4 del expediente de Primera Instancia en SUMAC.
[4] *Íd.*
[5] *Íd.*

término de veinticuatro (24) horas[6]. Finalmente, el foro de instancia emitió una Resolución mediante la cual determinó que los documentos solicitados por el Recurrido eran pertinentes a la controversia, por lo que debía tener acceso a ellos[7]. Además, señaló que la producción de documentos relacionados a la Corporación Riveka, Inc., previo a la toma de deposición de la Peticionaria, debían ser solicitados en el caso núm. DAC20170205, en el cual se ordenó la disolución de dicha entidad jurídica. Inconforme con dicha determinación, el Recurrido acudió ante este Tribunal alegando que el foro de instancia abusó de su discreción al revocar una Orden final. En esa ocasión, este Tribunal resolvió que "*la entrega de los documentos debe efectuarse en este proceso y no en otro que ha sido previamente resuelto*"[8].

Posteriormente, el 16 de junio de 2025, y conforme al mandato de este Tribunal, el foro de instancia le concedió a la Peticionaria un término de quince (15) días para producir lo solicitado[9]. Así, el 7 de julio de 2025, el Recurrido presentó una *Moción de Desacato*, sobre la cual el foro recurrido expresó lo siguiente: "*Ante el incumplimiento con lo ordenado, tiene la parte demandante diez (10) días finales para cumplir con lo ordenado el 16 de junio de 2025, so pena de encontrarla en desacato y eliminar sus alegaciones*"[10].

Así, el 4 de agosto de 2025, el Recurrido presentó una *Moción Urgente de Desacato* sobre la cual el foro de instancia resolvió lo siguiente: "*Ante el incumplimiento*

---

[6] *Íd.*
[7] *Íd.*
[8] *Íd.*, pág. 9.
[9] Véase Entrada #15 del expediente de Primera Instancia en SUMAC, pág. 109.
[10] *Íd.*, pág. 111.

*con lo ordenado en orden de 16 de junio, 8 de julio y 15 de julio de 2025, se eliminan las alegaciones de la parte demandante*"[11]. Ante tal determinación, la Peticionaria presentó una solicitud de reconsideración alegando que ha presentado todos los documentos requeridos que están bajo su poder[12]. El 14 de octubre de 2025, el foro de instancia emitió una *Orden*[13] declarando No Ha Lugar la moción de reconsideración. Posteriormente, el 14 de noviembre de 2025, la Peticionaria acudió ante nos mediante recurso de *certiorari* e hizo los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR ORDEN ELIMINANDO LAS ALEGACIONES DE LA PARTE DEMANDANTE, CUANDO LA SRA. TRINIDAD RODRÍGUEZ CONTESTÓ NUEVAMENTE Y EN EL TIEMPO DISPUESTO POR EL TRIBUNAL EN SU ORDEN DE 15 DE JULIO DE 2025, EL REQUERIMIENTO DE DOCUMENTOS DEL DEMANDADO.**

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR ORDEN ELIMINANDO LAS ALEGACIONES DE LA PARTE DEMANDANTE AL NO AGOTAR EL REMEDIO ORDENADO POR EL TRIBUNAL DE APELACIONES QUE DETERMINÓ QUE, "*SI DE DICHA PRODUCCIÓN SURGIERA ALGUNA CONTROVERSIA ENTRE LAS PARTES, DEBERÁ EL FORO A QUO RESOLVER LA MISMA, UNA VEZ SE AGOTE EL PROCESO ESTABLECIDO EN LA REGLA 34 DE PROCEDIMIENTO CIVIL, 32 LPRA AP. V, R. 34*", Y SIN LA CELEBRACIÓN DE UNA VISTA.**

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR ORDEN ELIMINANDO LAS ALEGACIONES DE LA PARTE DEMANDANTE CUANDO LA CORPORACION RIVEKA CORP. YA NO FORMA PARTE DEL CAUDAL SUJETO A LIQUIDACIÓN DE LA COMUNIDAD DE BIENES POST-GANANCIAL.**

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, AL EMITIR ORDEN ELIMINANDO LAS ALEGACIONES DE LA PARTE DEMANDANTE, LO CUAL VIOLENTA EL DERECHO DE LA DEMANDANTE A UN DEBIDO PROCESO DE LEY Y A UN JUICIO JUSTO, IMPARCIAL Y RÁPIDO, DEJÁNDOLA EN INDEFENSIÓN, LO QUE CONSTITUYE UN CLARO ABUSO DE DISCRECIÓN JUDICIAL Y ERROR MANIFIESTO.**

---

[11] Véase Entrada #2 del expediente de Primera Instancia en SUMAC, pág. 2.
[12] *Íd.*, Entrada #18.
[13] *Íd.*, Entrada #3.

-II-

## A. *Certiorari*

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[14]

Mediante la Regla 52.1 de Procedimiento Civil de 2009[15], se hizo un cambio trascendental respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del TPI mediante recurso de *certiorari*. A tales efectos, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

---

[14] *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009).
[15] 32 LPRA Ap. V, R. 52.1.

Por tanto, el asunto planteado en el recurso instado por el promovente debe tener cabida bajo alguno de los incisos de la Regla 52.1, *supra*, pues el mandato de la referida regla establece taxativamente que "*solamente será expedido*" el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, aquellos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[16]

Así las cosas, el primer examen que debe pasar todo recurso de *certiorari* para ser expedido es que tenga cabida bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil.

Superada esta primera etapa, procede hacer nuestro examen tradicional caracterizado por la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. A pesar de ser un asunto discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[16] La Ley Núm. 177 del 30 de noviembre de 2010 "extendió la facultad de presentar recursos de *certiorari* para revisar también aquellas órdenes o resoluciones interlocutorias dictadas por el foro primario que involucren asuntos de interés público o que presenten situaciones que demanden la atención inmediata del foro revisor, pues aguardar hasta la conclusión del caso conllevaría un 'fracaso irremediable de la justicia'" *IG Builders, et al. v. BBVAPR*, 185 DPR 307 (2012).

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[17]

Por tanto, la discreción judicial "*no se da en un vacío ni en ausencia de unos parámetros*", sino que el tribunal revisor debe ceñirse a los criterios antes transcritos.[18]

Si luego de evaluar los referidos criterios, el tribunal no expide el recurso, queda a su discreción fundamentar su determinación, debido a que no tiene la obligación de hacerlo.[19] Esto es cónsono con el fundamento cardinal para la adopción de la Regla 52.1, *supra*, que es "*atender los inconvenientes asociados con la dilación que el antiguo esquema ocasionaba en los procedimientos, así como la incertidumbre que se suscitaba entre las partes del litigio*".[20]

**B. El manejo del caso y el descubrimiento de prueba**

---

[17] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 60, 215 DPR ___ (2025).
[18] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[19] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[20] *IG Builders, et al. v. BBVAPR, supra,* a la pág. 336.

Los jueces de primera instancia gozan de gran flexibilidad y discreción para lidiar con los problemas que conlleva el manejo diario y la tramitación de los asuntos judiciales, así como la administración eficiente de un sistema de justicia[21]. Ello presupone que tienen autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados de la manera y forma que su buen juicio, discernimiento y sana discreción les indique, facultad con la cual no intervendremos excepto cuando sea absolutamente necesario con el propósito de evitar una flagrante injusticia[22].

Los jueces de los foros primarios también gozan de amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración. Además, están llamados a intervenir activamente para manejar los procesos y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos[23]. Por tanto, si su actuación se funda en una base razonable que no resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio[24].

Cabe señalar que, en el contexto del manejo del caso, de ordinario *"los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de*

---

[21] *Pueblo v. Vega, Jiménez*, 121 DPR 282 (1988).
[22] *Íd.*
[23] *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).
[24] *Sierra v. Tribunal Superior*, 81 DPR 554 (1959).

*instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción"*[25].

De otra parte, es sabido que el alcance del descubrimiento de prueba en los procedimientos de naturaleza civil se encuentra estatuido en la Regla 23 de Procedimiento Civil. El descubrimiento de prueba es un mecanismo auxiliar a las alegaciones que facilita la obtención de la evidencia que va a ser utilizada durante el juicio, así como también perpetúa la prueba[26]. El propósito de dicho mecanismo es que aflore la verdad, evitando así los inconvenientes, las sorpresas o injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio[27]. Su fin último es el precisar o minimizar las cuestiones en controversia.

Las disposiciones generales respecto al proceso de descubrimiento de prueba, *"se basan en el concepto básico de que antes del juicio, toda parte en la litigación tiene el derecho a obtener el descubrimiento de toda la información que esté en posesión de cualquier persona"*[28]. Resulta preciso destacar que, es tendencia moderna en nuestros procedimientos civiles *"facilitar el descubrimiento de prueba de forma tal que se coloque al juzgador en la mejor posición posible para resolver justamente"*[29]. Aún cuando hay un enfoque amplio y liberal, ello no significa que el descubrimiento de prueba sea ilimitado[30]. Reiteramos, que la norma es que

---

[25] *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).
[26] *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).
[27] *SLG Valencia v. García García*, 187 DPR 283, 331 (2012).
[28] *Alvear Maldonado v. Ernst & Young LLP*, 191 DPR 921, 925 (2014), citando a J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da. ed., San Juan, JTA, 2011, T. III, pág. 835.
[29] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).
[30] *Alfonso Brú v. Trane Export, Inc.,* 155 DPR 158 (2001).

siempre se tendrá presente el principio rector de lograr que los casos se resuelvan, justa, rápida y económicamente[31]. Al respecto, recordemos que la discreción que ostentan los tribunales de primera instancia al regular el descubrimiento de prueba les permite dictar cualquier orden que entiendan justa o necesaria respecto a alguna parte que se negase a descubrir lo solicitado u ordenado u obstaculice el trámite del proceso[32].

Ahora bien, cuando una parte se niega a cumplir con las órdenes relacionadas al mecanismo de descubrimiento de prueba, la Regla 34.3 de Procedimiento Civil[33] le confiere al tribunal amplia discreción para castigar, de diversas formas, dicho incumplimiento. De manera que, el tribunal podrá sancionar económicamente a la parte o a sus abogados, eliminar alegaciones de las partes, desestimar parte o la totalidad de una reclamación, imponer desacato, eliminar defensas o prohibir la presentación de determinada materia en evidencia[34]. En particular, la Regla 34.3 (b)(3) de Procedimiento Civil[35] dispone que, ante la negativa de cumplir con el descubrimiento de prueba, el tribunal podrá emitir lo siguiente:

> Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla[36].

---

[31] Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1.
[32] Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3.
[33] *Íd*.
[34] *Valentín v. Mun. de Añasco*, 145 DPR 887 (1998).
[35] Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3 (b)(3).
[36] *Íd*.

Lo anterior, nos muestra la autoridad que tienen los jueces del tribunal de primera instancia para imponer las sanciones que entiendan necesarias y así evitar conductas que afecten el trámite judicial.

-III-

Nuestro ordenamiento procesal civil les concede a las partes en un pleito llevar a cabo descubrimiento de prueba con el fin de ayudar a precisar y minimizar las controversias litigiosas, obtener evidencia que se utilizaría en el juicio, facilitar la búsqueda de la verdad y perpetuar la prueba relacionada con sus reclamaciones.

Es importante señalar que el foro de instancia está autorizado, no sólo a limitar o extender el alcance del descubrimiento de prueba, sino a supervisar el proceso, ordenar a una parte a descubrir prueba y sancionar a aquella que se rehúse a cumplir con las órdenes dirigidas a esos efectos. No le corresponde a este tribunal intervenir en la determinación que haga el tribunal de primera instancia sobre asuntos referentes al manejo del caso, a menos que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad.

A tenor con la Regla 52.1 de Procedimiento Civil, *supra*, concluimos que estamos impedidos de expedir el auto de *certiorari*. De no prevalecer en el foro de instancia, la Peticionaria tiene disponible el recurso de apelación. Por lo tanto, no cabe hablar de un fracaso irremediable de la justicia.

-IV-

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*